UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

Fred Horenburger, an individual,

    Plaintiff,

v.

First Credit Services, INC. d/b/a Accounts Receivable Technologies INC.,
a corporation,

    Defendant.
_____/

## COMPLAINT JURY DEMAND

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA") against Defendant.

2.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") against Defendant.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. §§1331 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls to Plaintiff in this District.

## PARTIES

4.    Plaintiff, Fred Horenburger ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

5.    Defendant, First Credit Services, INC d/b/a Accounts Receivable Technologies, ("ART"), a New Jersey Corporation with a Principal Place of Business at 371 Hoes Lane, ste 300B,

Piscataway, NJ, is a debt collector as defined by the FDCPA, who regularly places phone calls and collects debt within the state of Florida.

## FACTUAL ALLEGATIONS

6. Defendant, or others acting at its request, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

7. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

8. Plaintiff informed the Defendant that they were calling the wrong person, but Defendant continued to call his cell phone utilizing an automatic telephone dialing system or a pre-recorded or artificial voice. Therefore, Defendant willfully and/or knowingly violated the TCPA.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

9. Plaintiff incorporates Paragraphs 1 through 8.

10. Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. a declaration that Defendants' calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II

## VIOLATIONS OF THE FDCPA

11. Plaintiff incorporates Paragraphs 1 through 8.

12. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff knew was the incorrect person and he had not consented. See 15 U.S.C. § 1692d; Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975 (S.D. Fla. July 15, 2010)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

a. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 9th day of January 2015.

Respectfully submitted,

/s/ Steven Holzman

Steven C. Holzman, Esq.
*Attorney for Plaintiff*
Fla. Bar. 667617

4400 N Federal Hwy
Lighthouse Point, FL 33064
Telephone: 561-789-5366
scholzmanlaw@gmail.com